[Civ. No. 10484. First Appellate District, Division Two.—August 30, 1937.]

In the Matter of the Estate of ALBERT FIELD COFFIN, Deceased. EDITH L. BRUSE et al., Appellants; LULU HANNAH COFFIN, Respondent.

Leon French and Treat & Ogden for Appellants.

Charles A. Bliss and Clark & Heafey for Respondent.

SPENCE, Acting P. J.—This is an appeal by the residuary legatees from an order for family allowance.

In 1935, respondent, as the widow of the deceased, petitioned for a family allowance of $750 per month. On April 24, 1935, a written stipulation was filed providing ''that the family allowance to the extent and amount of $300.00 per month shall be allowed and paid to said widow under her petition and out of the funds of the estate as and for family allowance and maintenance commencing with the payment of that amount upon the 5th day of May, 1935, for the succeeding month, and continuing at said rate for a period not to exceed ten months or until the final distribution of said estate, if earlier accomplished''. An order was made at that time pursuant to said stipulation.

Thereafter respondent sought an increase in the amount of the allowance by filing a petition to modify the order previously entered. Said petition was heard on February 14, 1936. The court denied the petition for an increase but ordered that the payment of $300 per month as directed in the order of April 24, 1935, be ''continued commencing with the payment on the 5th day of March, 1936, and continuing monthly until the 5th day of July, 1936, or until final distribution of said estate in the event that said estate is so finally distributed before July 5, 1936''. Respondent herein appealed from said order, but the order was affirmed. (*Estate of Coffin,* 16 Cal. App. (2d) 532 [61 Pac. (2d) 81].)

After the *remittitur* was filed, respondent filed a further petition seeking a continuance of said family allowance. On December 23, 1936, the court made its order that the sum of

$300 per month be paid to respondent as family allowance "commencing with the 2nd day of December 1936, and continuing monthly thereafter until the further order of the court". This appeal is taken from said last-mentioned order.

■ Appellants apparently contend that by the stipulation made at the outset of the probate proceeding providing for an allowance of $300 per month for ten months, respondent waived and relinquished all right to any further allowance after the expiration of that period and that the trial court was without jurisdiction to make such further allowance. We find no merit in said contention. It is well settled that the right to a family allowance is strongly favored in our law and that it will not be held to have been waived or relinquished except where the language relied upon clearly and explicitly manifests that intention. (*Estate of Bidigare,* 215 Cal. 28 [8 Pac. (2d) 122]; *Estate of Gould,* 181 Cal. 11 [183 Pac. 146]; *Estate of Whitney,* 171 Cal. 750 [154 Pac. 855].) We find no such language in the stipulation above set forth. It clearly appears that the parties intended to stipulate for the payment of a family allowance "at said rate for a period not to exceed ten months", but it is not at all clear that the parties intended that said stipulation should thereafter bind anyone either as to amount or as to time. If appellants intended that the stipulation should constitute a waiver by respondent of the right to any family allowance after the expiration of a period of ten months, there was at least uncertainty in the language employed to accomplish their purpose and "any uncertainty in the language of the agreement will be resolved in favor of the right". (*Estate of Bidigare,* 215 Cal. 28, 30 [8 Pac. (2d) 122].) There is nothing in the holding in *Estate of Coffin, supra,* contrary to the views which we have expressed as the question there raised involved only the propriety of the order of the probate court denying to the widow an increase in the amount of the allowance upon a petition filed during the ten months' period covered by the stipulation.

The order is affirmed.

Sturtevant, J., and Johnston, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1937, and an ap-

plication by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1937.