[Civ. No. 12202.　First Dist., Div. Two.　July 14, 1942.]

BENJAMIN F. LA MAR, Petitioner, v. CITY COUNCIL OF THE CITY OF SOUTH SAN FRANCISCO et al., Respondents.

Gregory, Hunt & Melvin, Bradford M. Melvin and William C. Danielson for Petitioner.

Kirkbride & Wilson for Respondents.

STURTEVANT, J.—This is an original application to this court for a writ of mandate. The petitioner is an elector and taxpayer in the city of South San Francisco, county of San Mateo. The respondents are the duly elected and acting members of the City Council of the City of South San Francisco. On December 1, 1941, said council adopted ordinance 216 creating a personnel system. Said ordinance took effect January 14, 1942. Among other things said ordinance provided as follows:

"Section 1. *Adoption of Personnel System.* Pursuant to the authority granted to the legislative body of any city within the State of California under the provisions of Chapter 48, Statutes of 1935, and in order to establish an equitable and uniform procedure for dealing with personnel matters through a department of personnel, and to place municipal employment on a merit basis so that the best qualified persons available shall be brought into the service of the city, the following personnel system is hereby adopted.

"Section 2. *Department of Personnel.* There is hereby created a department of personnel which shall consist of a board of review and a personnel clerk. The board of review shall consist of three members to be appointed by the city council.

"The first board to be appointed shall, at its first meeting, so classify its members by lot that one shall serve for a term which shall expire February 15, 1942, one shall serve for a term which shall expire February 15, 1944, and one shall serve for a term which shall expire February 15, 1946. At the expiration of each of the terms so provided for, a successor shall be appointed by the city council for a term of six years.

"Vacancies on the board of review, from whatever cause, shall be filled by appointment by the city council for the unexpired term. Each member of the board shall serve until his successor is appointed and qualified. A four-fifths vote of all the members of the city council shall be required to appoint a member to said board or to fill any vacancy thereon or to remove any member of said board from office prior to the expiration of his term of office. . . .

"Section 4. *Personnel Clerk.* The city council shall appoint a personnel clerk whose duty it shall be to act in the capacity of clerk for the personnel system. The duties of the office of personnel clerk may be combined with those of any

other office in the event the work involved does not warrant, in the discretion of the city council, the creation of a special position. . . .

"Section 5. *Competitive Service.* The provisions of this ordinance shall apply to all offices, positions and employments in the service of the city, including all persons employed in the public library of said city, except:

"(a) Elective Offices. Provided however, that, in the event the people of the city shall, at a general municipal election or special election held for that purpose, elect to change the status of any one or more elective officers of the city to that of appointive officers, then at the expiration of the term of office of any such officer, the person holding the office at the time of the expiration of said term, providing that he shall have served in such position for a period of at least six months continuously, immediately prior to the expiration of said term of office, shall assume regular status in the competitive service without preliminary examination or working tests and shall thereafter be subject in all respects to the provisions of this ordinance.

"(b) Positions on appointive boards, commissions and committees.

"(c) All police officers whose compensation is not paid by said city.

"(d) The poundmaster and any deputy poundmaster. Offices, positions and employments not exempted above shall constitute the competitive service of the city."

After the adoption of said ordinance the respondents failed and refused to appoint the "Board of Review" and the "Personnel Clerk" and to adopt rules pursuant to the provisions of section 6 of said ordinance. Having alleged the foregoing facts, the petitioner prays for a writ commanding the respondents to make said appointments and to adopt said rules.

■ The petitioner contends that his application for a writ of mandamus is the proper remedy, and that he, as an elector and taxpayer, is entitled to make the application. Neither of said propositions is controverted by the respondents. The petitioner further contends that the above-mentioned facts warrant the issuance of a writ. (*Platnauer* v. *Board of Supervisors,* 65 Cal. App. 666 [225 Pac. 12] ; *City of San Diego* v. *Capps,* 32 Cal. App. 461 [163 Pac. 235].) The respondents

do not question the soundness of those decisions but contend they are inapplicable to the facts of the instant case. The above-mentioned ordinance was adopted under the authority of section 2, Statutes of 1935, page 380, as amended Statutes of 1939, page 2040, Deering's General Laws, 1939, Act 1401. That section is as follows: "Section 2. In said ordinance creating such system said legislative body *shall designate* the departments, appointive officers or employees of the city which shall be placed under such merit system or civil service system; such legislative body *may* from time to time, by ordinance, add additional departments, appointive officers or employees of the city to the *list originally designated* in the ordinance creating such system. Said legislative body *shall not* have the authority to withdraw any departments, appointive officers or employees from the operation of such system, either by an outright repeal of the civil service ordinance or otherwise, unless and until the withdrawal thereof shall have been submitted to the qualified electors of said city at a special or regular municipal election held in said city and shall have been approved by not less than a two-thirds vote of the electors voting on such proposition." (Italics ours.) Having cited said section the respondents proceed to compare the provisions of section 5 of the ordinance with the calls of the statute and they contend that the ordinance is invalid because it does not purport to ". . . designate the departments, appointive officers or employees. . . ." In that connection they further contend that the ordinance does not contain a "list" of said departments, etc. Continuing they assert that as the ordinance did not contain the recitals prescribed by section 2 of said statute the ordinance is void. (*Myers* v. *Stringham,* 195 Cal. 672, 675-676 [235 Pac. 448].) However by the provisions of section 5, *supra,* the ordinance applies, with certain designated exceptions, to "*all* offices, positions and employments in the service of the city," and by that broad recital *all* are designated. "The greater contains the less." (Civ. Code, sec. 3536.) If between the provisions of section 2 of the statute and the provisions of section 5 of the ordinance there were a conflict, to that extent the provisions of the ordinance might be claimed invalid. (*Marculescu* v. *City Planning Com.,* 7 Cal. App. (2d) 371 [46 P. (2d) 308].) Respondents do not make any showing to the effect that the provisions of the ordinance do not comply with the provisions of the statute and we see no material variance.

It follows that the ordinance was valid in all respects. It

also follows that the writ of mandate should issue as prayed for. It is so ordered.

· Nourse, P. J., and Spence, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 10, 1942.