[Civ. No. 10009. Third Dist. Sept. 1, 1961.]

CITY OF UKIAH, Plaintiff and Respondent, v. BOARD OF TRUSTEES OF THE MUNICIPAL LIBRARY OF THE CITY OF UKIAH et al., Defendants and Respondents; GEORGE FONES, Appellant.

Timothy W. O'Brien for Appellant.

Harold E. Irish, City Attorney, for Plaintiff and Respondent.

John E. Nelson for Defendants and Respondents.

PEEK, J.—The City of Ukiah instituted the present proceeding in declaratory relief to determine if one George Fones, who was employed as a janitor by the city library, was an employee of the city and hence, came within the provisions of its civil service act. The trial court found that Fones did not come within the said act and he alone appeals.

At the time of the adoption of the ordinance creating a civil service system for the city, and for several years prior thereto, Fones had been employed by the board of trustees of the library as a janitor. On June 9, 1959, he was summarily dismissed by the librarian and the board. His appeal was heard by the city council, which found that he was a civil service employee and ordered that he be restored to his position as a janitor. The board and the librarian refused to reinstate him as ordered, whereupon the city brought the present action.

The trial court concluded that Fones was not an employee of the city, but rather was an employee of the library, since the provisions of the ordinance creating the civil service system did not specifically include library employees.

Section 3 of the city ordinance creating the civil service system provided as follows: "CLASSIFIED SERVICE. Provisions of this article shall apply to *all appointive officers and employees of the City of Ukiah* who are full time employees of the City of Ukiah, California." (Emphasis added.)

However, section 45005 of the Government Code provides in part that such an ordinance ". . . shall designate the departments, and the appointive officers and employees who shall be included . . ." in the system.

And section 45002 of the same code provides that a city may adopt a civil service system which ". . . may include

the librarian, secretary, and other officers and employees, . . . of the public library . . .''

It would thus appear that if it can be said that Fones was an employee of the city at the time of the adoption of said ordinance, despite the failure to designate severally the departments and employees to be included, or specifically to include library employees, then it follows that he came within the provisions thereof and hence, his summary dismissal was improper.

■ Under the provisions of Education Code, section 27301, a municipal library may be created by an act of the local legislative body. The trustees, who are appointed by the head of the municipality with the consent of the legislative body, may adopt rules and regulations for its administration and management (§ 27360) and may appoint officers and employees who hold their offices at the pleasure of the board (§ 27362). The annual reports of the library are made to the local legislative body and the state librarian (§ 27368). To support the library, the legislative body of the municipality may levy a tax (§ 27401) and the revenues therefrom are placed in a special fund (§ 27402). The title to any property acquired for library purposes vests in the name of the municipality; it is also provided that the library may sue or be sued in the name of the municipality (§ 27453). Lastly, the library may be discontinued by repeal of the ordinance creating it, and upon repeal ''. . . the library is disestablished in the municipal corporation.'' (§ 27455.) Herein it was stipulated that the library is supported by funds appropriated from the general resources of the city.

From the statutes above quoted, it is quite evident that a municipal library is entirely dependent upon the city. The means by which it operates is the result of the taxing power of the city; it takes title to property in the name of the city; it can only sue and be sued in the name of the city; it can only be formed by an act of the legislative body of the city; and, although it may be said to be completely autonomous as to the manner of its internal operation, nevertheless it is not independent of the city. ■ Furthermore, the statutes authorizing the creation of a civil service system for a municipality impliedly recognize that library employees are city employees by virtue of the provision giving the city the express power to include the ''. . . librarian, secretary, and other officers and employees . . . of the public library . . .'' (Gov. Code, § 45002.)

 The ordinance in question specifically provided that it should apply "... to all appointive officers and employees of the City of Ukiah ..." In *LaMar* v. *City Council of So. San Francisco,* 53 Cal.App.2d 387 [127 P.2d 1022], it was contended that failure to designate certain departments to be included within the retirement act voided the ordinance. The reviewing court, at page 390, held: "However by the provisions of section 5, *supra,* the ordinance applies, with certain designated exceptions, to '*all* offices, positions and employments in the service of the city,' and by that broad recital *all* are designated. 'The greater contains the less.' (Civ. Code, § 3536.)" Additionally, the word "all" is defined as meaning "the whole of" or "the greatest quantity"; "the whole number" or "sum of"; and "every member or individual component thereof." It would therefore appear that when the city council chose the word "all" to designate the employees included, it could not have chosen a more inclusive word.

Although not precisely in point, courts of other jurisdictions have had occasion to discuss this point, and even though their statutes are different from our own, their decisions are persuasive of our conclusion that the trial court erred in determining that the provisions of the ordinance in question did not include library employees. (See *State Department of Civil Service* v. *Clark,* 15 N.J. 334 [104 A.2d 685]; *Glick* v. *Trustees of Free Public Library,* 2 N.J. 579 [67 A.2d 463].)

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of defendants and respondents for a hearing by the Supreme Court was denied October 25, 1961.