[S.F. No. 21721.   In Bank.   Feb. 4, 1966.]

CITY OF UKIAH, Plaintiff and Respondent, v. GEORGE FONES, Defendant and Appellant.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, Henry M. Jonas and Albert E. Levy for Defendant and Appellant.

Harold A. Irish, City Attorney, for Plaintiff and Respondent.

MOSK, J.—The principal question presented on this appeal is whether a stipulation entered into by a discharged civil service employee, stating that if his discharge was wrongful he was entitled to back salary for the period prior to the filing of the complaint, may be deemed a waiver by him of all wages to which he would have been entitled for the period subsequent to that date and until reinstatement or retirement. As will appear, we have concluded that no such waiver may be implied and hence that the judgment must be reversed.

On June 9, 1959, at the age of 66, George Fones was summarily dismissed from his job as janitor at the City of Ukiah municipal library by the librarian and the library's board of trustees. The city council ordered his reinstatement on the ground that he was a civil service employee and had not been accorded the procedural safeguards prescribed by the civil service ordinance. The library board refused to comply, and on October 21, 1959, the city filed a declaratory relief action seeking to assert the jurisdiction of its civil service system over the library's employees. The defendants were the librarian, the library board, and Fones, the latter being a defendant in name only.

On January 20, 1960, apparently in order to expedite the litigation, a lengthy stipulation was entered into between the city, the librarian, the library board and Fones. The stipulation declared, *inter alia*, that Fones' dismissal was not in compliance with the city's civil service ordinance, that Fones was "ready, able and willing" to perform the duties of the position, and that "if said GEORGE FONES has been wrongfully denied a Civil Service position as janitor at said Library he is entitled to salary *from the date of dismissal to the date of the filing of this Complaint* minus what he earned or might reasonable [*sic*] have earned during said period." (Italics added.)

The trial court first ruled that Fones was not a civil service employee of the city but served at the pleasure of the

library board. On appeal, however, the judgment was reversed and Fones was held to be a civil service employee. (*City of Ukiah* v. *Board of Trustees* (1961) 195 Cal.App.2d 344 [15 Cal.Rptr. 811].)

The case then returned to the trial court for a determination of Fones' rights to back salary and to reinstatement. On the latter point the court found that Fones was not entitled to reinstatement because during the course of the litigation he had reached the mandatory retirement age of 70. On the salary issue, Fones argued that he was entitled to some $12,000 in arrearage for the three-and-a-half-year period from his wrongful dismissal until his attainment of retirement age. The court found, however, that because of the stipulation of January 20, 1960, Fones' recovery would be limited to $855.30, his salary for the four-month period between the date of dismissal and the filing of the city's complaint for declaratory relief, less appropriate offsets. In its memorandum opinion the trial court explained that "It would appear" from the terms of the stipulation that in signing it Fones "was giving up . . . any claim to back salary he might have" for the period following the filing of the complaint. Judgment was entered accordingly.

■ It is a well settled rule that a civil service employee who has been unlawfully deprived of his position is entitled to recover the full amount of the salary which accrued to him from the date of his unlawful discharge *to the date of his reinstatement*, less any amounts he earned or might reasonably have earned from other employment during that period. (*Mass* v. *Board of Education* (1964) 61 Cal.2d 612, 616 [39 Cal.Rptr. 739, 394 P.2d 579]; *Stockton* v. *Department of Employment* (1944) 25 Cal.2d 264, 273-274 [153 P.2d 741].) The trial court held this rule inapplicable on its implied finding that by stipulating he was entitled to back salary "to the date of the filing of this Complaint," Fones must be deemed to have waived all wages to which he would have been entitled thereafter.

■ "Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts." (*Roesch* v. *De Mota* (1944) 24 Cal.2d 563, 572 [150 P.2d 422]; accord, *Church* v. *Public Utilities Com.* (1958) 51 Cal.2d 399, 401 [333 P.2d 321]; *Henderson* v. *Drake* (1953) 42 Cal.2d 1, 5 [264 P.2d 921].) ■ The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does

not leave the matter to speculation, and "doubtful cases will be decided against a waiver" (*Church* v. *Public Utilities Com.* (1958) *supra,* 51 Cal.2d 399, 401). ■ This is particularly apropos in cases in which the right in question is one that is "favored" in the law; and it is hardly necessary to cite more than a few relevant statutes (e.g., Lab. Code, §§ 200-300; Code Civ. Proc., §§ 1204-1206; Prob. Code, § 950; Gov. Code, § 45201, subd. (c)) to show the established policy of our Legislature of protecting and promoting the right of a wage earner to all wages lawfully accrued to him.

■ When these principles are applied to the case at bar, the city's showing of waiver appears insufficient as a matter of law. No evidence was introduced on the subject other than the stipulation itself. But that document speaks in affirmative terms of Fones' right to back salary for the specific period that had already elapsed, i.e., between the unlawful dismissal and the filing of the complaint; it says nothing whatever of denying his right to salary for the far more substantial period following the filing of the complaint. Yet if such a denial had been intended, nothing would have been simpler than to have so stated in the stipulation. To uphold the city's position it would be necessary to speculate on the motives that dictated the choice of language used in the stipulation. The parties offer us a variety of conflicting motives from which to choose.[1] But we need not undertake to resolve these conflicts, for the very necessity of such speculation demonstrates that the city's proof of waiver is not "clear and convincing" within the meaning of the cases cited above.

Directly in point is *Estate of Coffin* (1937) 22 Cal.App.2d 469 [71 P.2d 295], involving the right of a widow to a family allowance. There, a written stipulation was filed at an early point in the administration of the deceased's estate, declaring that the widow shall receive a family allowance of $300 per month beginning on a certain day "and continuing at said rate for a period not to exceed ten months," unless final distribution first occurred. After expiration of the 10-month period, the widow sought and obtained a court order extend-

---

[1]For example, the city implies that, because it was in effect rendering itself liable for back salary by seeking reinstatement of a discharged employee, it may be assumed that it agreed to prosecute the action in exchange for an agreement by Fones to limit his claim for back salary. As Fones points out, however, the stipulation was not entered into until three months *after* the complaint was filed; furthermore, Fones was at all times represented by his own attorney, and the city did not join in his successful appeal from the first adverse judgment in this case.

ing indefinitely the period of her allowance. The residuary legatees appealed, contending that by entering into the stipulation for a 10-month allowance the widow should be deemed to have "waived and relinquished all right to any further allowance after the expiration of that period" (*id.* at p. 471).

In an opinion authored by Acting Presiding Justice Spence, the order extending the allowance was affirmed. The court reasoned, "It is well settled that the right to a family allowance is strongly favored in our law and that it will not be held to have been waived or relinquished except where the language relied upon clearly and explicitly manifests that intention. [Citations.] We find no such language in the stipulation above set forth. It clearly appears that the parties intended to stipulate for the payment of a family allowance 'at said rate for a period not to exceed ten months,' but it is not at all clear that the parties intended that said stipulation should thereafter bind anyone either as to amount or as to time. If appellants intended that the stipulation should constitute a waiver by respondent of the right to any family allowance after the expiration of a period of ten months, there was at least uncertainty in the language employed to accomplish their purpose and 'any uncertainty in the language of the agreement will be resolved in favor of the right.' [Citation.]" (*Ibid.*)

There can be no doubt that the right of a wage earner to accrued wages is at least as favored in our law as the right of a widow to a family allowance. And the reasoning of the court in *Estate of Coffin* applies even more forcefully to the stipulation now before us, in which there appear no such words of limitation as "not to exceed. . . ." The city seeks to distinguish *Coffin* on the ground that the opinion does not disclose the "circumstances" surrounding the making of the stipulation in that case; but such an argument is in effect a restatement of the city's suggested explanation of the motives behind the present stipulation (*ante,* fn. 1), and does not render the instant stipulation any less ambiguous.

The city relies on *Scott* v. *City of Los Angeles* (1948) 85 Cal.App.2d 327 [193 P.2d 25], *Gamble* v. *City of Sacramento* (1941) 43 Cal.App.2d 200 [110 P.2d 530], and *Huntsman* v. *State Harbor Comrs.* (1936) 17 Cal.App.2d 749 [62 P.2d 771], but each is distinguishable on the same ground. In those cases the defendant municipalities or public entities had found it necessary, due to a severe drop in revenues

occasioned by the Great Depression, to reduce their operating expenses; accordingly, as an alternative to laying off a number of their employees, they offered the latter the choice of contributing a certain percentage of their salary or their time to the municipality. Subsequently, in more prosperous times, certain employees who had signed such waivers filed suit to recover the wages thus given up. The courts properly held that it was not against public policy to enforce a written waiver by a public officer or employee of all or part of his salary. But in those cases the motives for the waivers were clear; there was no doubt that the employees had intentionally relinquished a known right, the terms and scope of the waivers were spelled out, and each was expressly agreed to be in full payment for the services rendered. None of these elements is shown in the case before us.

■ The city contends that a waiver is also demonstrated by an assertedly crucial admission by Fones in the pleadings. Paragraph IX of the city's complaint for declaratory relief alleges, *inter alia,* that Fones "is entitled to salary from the date of dismissal to the date of the filing of this Complaint minus what he earned or might reasonably have earned during the period that he is wrongfully denied his civil service position." At the outset, an apparent contradiction is to be noted on the face of the allegation, for it purports to limit Fones' recovery of back salary to the period prior to the filing of the complaint but requires him to deduct therefrom his earnings "during the period that he is wrongfully denied his civil service position," which appears to refer to the entire period from dismissal until reinstatement or retirement. Nor is it particularly significant that Fones "admitted" in his answer that Paragraph IX was "true"; he admitted as much of *every* allegation in the complaint, as he was only a nominal defendant in any event. More importantly, in this same answer Fones prayed that he be awarded back salary less earnings "during the period of his wrongful suspension from the said position." No limitation to the period preceding the complaint is observable in that language.

■ Finally, the city contends that Fones may not be "granted relief from a stipulation" when it is requested for the first time on appeal, citing *Warburton* v. *Kieferle* (1955) 135 Cal.App.2d 278, 286 [287 P.2d 1]. The argument misses the mark. Fones is not seeking to be "relieved" of a stipulation; he desires only to establish that an unwarranted infer-

ence of waiver may not be drawn from the stipulation into which he did enter.

The judgment is reversed for a redetermination of the matter of George Fones' back salary in the light of the views herein expressed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Burke, J., concurred.