129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UN-MAID GROWERS of California, a California non-profit
cooperative association, Plaintiff-Appellant,
v.
AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois
corporation, Defendant-Appellee.
 No. 96-16871.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 8, 1997.
Decided Oct. 31, 1997.
 
 Appeal from the United States District Court for the Northern District of California Vaughn R Walker, District Judge, Presiding.
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sun-Maid Growers of California ("Suzi-Maid") appeals the district court's judgment entered for American Motorists Insurance Company ("AMIC") in Sun-Maid's diversity action alleging breach of contract and breach of the implied covenant of good faith and fair dealing. We affirm.
 
 
 3
 * Sun-Maid first contends that the district court erred in applyirlg a preponderance of the evidence rather than clear and convincing evidence standard of proof in interpreting the parties' February 1990 agreement. Sun-Maid has preserved its right to challenge the standard of proof on appeal by raising the issue in both its pretrial brief and again in the status conference following the district court's June 12, 1996, order. We hold, however, that the district court properly applied the preponderance standard of proof.
 
 
 4
 The general rule in California is that issues of fact in civil cases are determined by a preponderance of the evidence. See Cal. Evid.Code § 115 ("Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."). The California Supreme Court has warned against departing from the preponderance standard except where constitutional, statutory, or decisional law imposes a higher standard of proof. See Weiner v. Fleischman, 54 Cal.3d 476, 483-84 (1991).
 
 
 5
 Although California law does impose a higher standard of proof where a party asserts an affirmative defense of waiver, see City of Ukiah v. Fones, 64 Cal.2d 104, 107-08 (1966), Sun-Maid has not identified any right that the district court found it to have waived. Because the February 1990 agreement authorized Sun-Maid's continued representation by the Baker firm, Sun-Maid did not surrender its right to an independent defense in the Coopers & Lyband litigation. Nor did the agreement operate as a waiver of Sun-Maid's statutory right to reimbursement under San Diego Navy Fed. Credit Union v. Cumis Ins. Soc., Inc., 162 Cal.App.3d 358 (1984). The February 1990 agreement instead implemented Sun-Maid's right to have a defense by approving the Baker firm as independent counsel and specifying the amount of reimbursement for their billings. The most Sun-Maid gave up at the time was the opportunity to contest the reasonableness of the agreement in the event that its reading of California Civil Code § 2860 proved correct.
 
 
 6
 Because AMIC did not assert: an affirmative defense of waiver and the February 1990 agreement simply implemented Sun-Maid's contractual and statutory right to a defense, no constitutional, statutory, or decisional law imposed a heightened standard of proof. The district court thus properly employed the preponderance standard. See Weiner, 54 Cal.3d at 483-84; Barrett v. Bank of America, 183 Cal.App.3d 1362, 1370 (1986).
 
 II
 
 7
 "The burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe the existence of a fact is more probable than its nonexistence...." Metropolitan Stevedore Co. v. Rambo, 117 S.Ct. 1953, 1963 n. 9 (1997) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 622 (1993)). The district court's determination that the February 1990 agreement was intended as a final settlement rather than an interim agreement is not clearly erroneous under the preponderance standard.
 
 
 8
 The district court based its June 12, 1996, findings primarily on the testimony of Ernest Keena, AMIC's division line manager, and Barry Kriebel, Sun-Maid's general counsel. The two offered very different accounts of the February 1990 agreement, and the court offered four specific reasons why it credited Keena's version of events over Kriebel's. This credibility determination was a proper one for the district court to make as trier of fact, and the district court's account of the evidence is plausible in light of the record viewed in its entirety.
 
 III
 
 9
 Sun-Maid also challenges the enforceability of the February 1990 agreement. Under California Civil Code § 1698(c), "[u]nless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration." Oral modifications of written contracts are thus enforceable provided there is new consideration and no contrary agreement by the parties. See Conley v. Matthes, 66 Cal.Rptr.2d 518, 526 (Cal.Ct.App.1997).
 
 
 10
 Although the written insurance contract between AMIC and Sun-Maid did preclude the alteration or waiver of policy terms without a written and signed endorsement, the terms of the February 1990 agreement were not contrary to the policy's written provisions and thus were not barred by the "no oral modification" clause. See Marani v. Jackson, 183 Cal.App.3d 695, 705 (1986); Beggerly v. Gbur, 112 Cal.App.3d 180, 189 (1980). The only policy provision that the February 1990 agreement arguably affected was AMIC's duty to "coordinate with the insured the selection of defense counsel, if so requested by the insured." [ER 79]. AMIC's authorization of Sun-Maid's continued representation by the Baker firm and the parties' specification of reimbursement rates in no way contradicted AMIC's contractual duties, but instead simply interpreted this otherwise vague contract provision.
 
 
 11
 The record also reveals at least two forms of consideration provided by AMIC for the February 1990 agreement. First, AMIC relinquished its right to monitor and control the Baker firm's billings. Prior to the agreement, numerous disputes had arisen between the Baker firm and AMIC over allowable expenses, and AMIC ceded oversight of future billings when it agreed to reimburse Sun-Maid for the same hours it reimbursed counsel retained to defend Diamond in the Coopers & Lyband litigation. The district court found it "implausible that [AMIC] would have accepted anything less than a full settlement of the [Baker firm] fee issue in return for such a substantial waiver of defendant's rights." [ER 251].
 
 
 12
 Second, the record contains substantial evidence that AMIC believed, based on the advice of counsel, that California Civil Code § 2860 had relieved it of its obligation to pay the Baker firm for the independent defense of Sun-Maid. Although subsequent rulings reveal that AMIC was mistaken in its belief, "surrender of a possibly meritless claim which is disputed in good faith is valid consideration." Murphy v. T. Rowe Price Prime Reserve Fund, Inc., 8 F.3d 1420, 1423 (9th Cir.1993). Both AMIC's surrender of its oversight of the Baker firm's billings and its forbearance from terminating reimbursement altogether thus constitute adequate consideration for the February 1990 agreement.[1]
 
 IV
 
 13
 Sun-Maid's final contention is that the district court erred in ruling that Sun-Maid could not pursue tort remedies for a bad faith denial of insurance benefits. Even assuming the availability of tort remedies under California law, Sun-Maid is precluded from pursuing a tort recovery. Sun-Maid stipulated in its first amended complaint that. "AMIC and SUN-MAID agreed that they would each abide by the decisions of this court in the Diamond Walnut action as to common issues." [SER 24]. "Factual assertions in pleadings ..., unless amended, are considered judicial admissions conclusively binding on the party who made them." American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir.1988). Thus, the ruling in Diamond Walnut that a sophisticated corporate entity cannot recover damages for breach of the implied covenant of good faith and fair dealing is binding upon Sun-Maid.[2]
 
 V
 
 14
 AMIC has moved for sanctions under Rule 38 of the Federal Rules of Appellate Procedure. Because Sun-Maid's arguments of error are not patently frivolous, AMIC's motion for sanctions is denied. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 653 (9th Cir.1988).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The February 1990 agreement is also independently enforceable under California Civil Code § 1698(b). Only in hindsight did AMIC have a clear preexisting legal duty to pay for independent counsel retained by Sun-Maid, and thus AMIC's compliance with the agreement was valid execution notwithstanding later clarification of AMIC's legal obligations. Moreover, even in hindsight, AMIC's relinquishment of oversight of the Baker firm's billings was not compelled by the insurance contract or by statute
 
 
 [2]
 The harshness to Sun-Maid is mitigated by the fact that the court's ruling can do little to prejudice Sun-Maid. Because Sun-Maid seeks tort remedies with regard to AMIC's conduct after February 1990, AMIC's full compliance with that agreement as interpreted by the district court precludes a finding that AMIC breached the implied covenant of good faith and fair dealing after that date. AMIC's full compliance with the February 1990 agreement also undermines Sun-Maid's claim that the pleadings should not be binding upon it because of an AMIC breach