**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VECTREN COMMUNICATIONS SERVICES, INC., an Indiana corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF ALAMEDA, acting by and through Alameda Power & Telecom,<br><br>Defendant - Appellee. | No. 11-15992<br><br>D.C. No. 3:08-cv-03137-SI<br><br>MEMORANDUM[*] |
| VECTREN COMMUNICATIONS SERVICES, INC., an Indiana corporation,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CITY OF ALAMEDA, acting by and through Alameda Power & Telecom,<br><br>Defendant - Appellant. | No. 11-16003<br><br>D.C. No. 3:08-cv-03137-SI |

Appeal from the United States District Court
for the Northern District of California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Susan Illston, District Judge, Presiding

Argued and Submitted January 18, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

Plaintiff Vectren Communications Services, Inc. (Vectren) appeals from a judgment of the district court in favor of the City of Alameda (City) involving contract claims governed by California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

The jury found in favor of Vectren on its claims that the City had breached the contract by failing to offer voice service (voice claim), by selling the telecommunications system (sale claim), and by using improper accounting methods (accounting claim). However, the jury further found that the sale claim was barred by Vectren's failure to comply with a statutory one-year notice requirement, *see* Cal. Gov't Code § 911.2(a), and that Vectren had waived the claim. The jury also found that Vectren's failure to comply with the one-year notice requirement barred the voice claim.

1. The district court's application of the one-year notice requirement was based on its holding that the California Government Claims Act (Act) applies to Vectren's claims against the City. We agree with the district court that the Act

2

applies here.  Under *Arntz Builders v. City of Berkeley*, where a contract sets out its own procedure for notifying a city of claims against it, that process governs exclusively unless the contract expressly "requires the presentation of a statutory claim [under the Act] as well."  82 Cal. Rptr. 3d 605, 617 (Ct. App. 2008).  But the alleged contractual claims procedure here is nothing like the detailed claims procedure in *Arntz, see id.* at 607–08; in fact, it is not a claims procedure at all.  Rather, it is merely a 30-day cure period, triggered by written notice, built into one prong of the definition of what constitutes an "Event of Default."  Under many of the other prongs of the "Event of Default" definition, there is no notice requirement or cure period at all.  It is only once there is an Event of Default—which sometimes requires notice and a cure period, and sometimes does not—that Vectren has a claim.  At that point, the contract defers to background law, including the Act—providing that Vectren may "take whatever action at law or in equity" is necessary to resolve the Event of the Default—rather than setting forth a claims procedure.  This reading of the contract is corroborated by the provision stating that, in order to exercise a remedy under the contract, Vectren only needs to give notice as required by the contract *or by law*.

    *Arntz* specifically rejected comparing the relative comprehensiveness of claims procedures to determine whether the Act applies, but *Arntz* does not dictate

3

that a contract that does not contain a claims procedure at all supplants the Act's default procedures.

Given that the Act applies, and that Vectren's counsel conceded at oral argument that the jury's finding that the voice claim was defeated by the notice defense could only be overcome if we were to reverse the district court's determination that the Act's default procedures were applicable, we affirm the judgment against Vectren on the voice claim.

2. With regard to the sale claim, the district court erred in denying Vectren's Rule 50(b) motion on the City's waiver and notice defenses. Although the City provided evidence that Vectren knew about the City's desire to sell and provided the City some assistance, those facts could not amount to clear and convincing evidence that Vectren knowingly intended to waive its right to prohibit a sale, *see City of Ukiah v. Fones*, 410 P.2d 369, 370-71 (Cal. 1966) (in bank), because it was undisputed that Vectren repeatedly notified the City that a sale without Vectren's consent was unauthorized. Accordingly, the jury's determination that Vectren waived its rights on the sale claim was not supported by substantial evidence, and the district court should have granted Vectren's motion as to the waiver defense. *See Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997).

4

As to the notice defense, "whether the breach is anticipatory or not, when there are ongoing contractual obligations the plaintiff may elect to rely on the contract despite a breach," and a claim is not deemed to have accrued until "the plaintiff has elected to treat the breach as terminating the contract." *Romano v. Rockwell Int'l, Inc.*, 926 P.2d 1114, 1120 (Cal. 1996). Here, there were ongoing contractual obligations, and the record does not support a conclusion that Vectren treated the City's sale without consent as a breach prior to August 29, 2006, the date by which the jury had to find the claim had accrued in order for the notice defense to be successful. Substantial evidence thus did not support the application of the notice defense to defeat the sale claim, and the district court should have granted Vectren's motion as to that defense as well. *See Omega*, 127 F.3d at 1161. Because the district court should have granted Vectren's Rule 50(b) motion with respect to both of the City's defenses to the sale claim, we reverse the jury's verdict on the sale claim and remand that claim for further proceedings on damages only.

3. With regard to the City's claim on cross-appeal that Vectren failed to adequately present its accounting claim prior to litigation as required by the Act, the district court erred in not deciding this claim as a matter of law in the City's favor because Vectren failed to adequately present the claim before litigation.

Under the Act, a party may adequately present a claim before litigation either by substantially complying with the requirements set out in section 910 of the Act, Cal. Gov't Code § 910, or by making a "claim as presented." *See City of Stockton v. Super. Ct.*, 171 P.3d 20, 29–30 & n.11 (Cal. 2007); *Alliance Fin. v. City & Cnty. of S.F.*, 75 Cal. Rptr. 2d 341, 345–46 (Ct. App. 1998); *see also* Cal Gov't Code § 945.4. Here, Vectren did not adequately present its accounting claim in either manner. Though Vectren requested accounting figures and documents and raised questions related to accounting prior to litigation, these requests were made in the context of Vectren questioning the City's operation of the telecommunications system, not in the context of any discussion of the propriety of the accounting methods used in calculating telecommunications system financial figures. These requests did not "give[ ] adequate information" such that a "reasonable investigation of [the] claim" would encompass the accounting claim raised by Vectren during the litigation. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 505 (Cal. 2004). Because we hold that the accounting claim was not adequately presented and should have been rejected as a matter of law, we need not address the City's argument regarding the applicability of GAAP to "Net Series 2002A Revenues."

In summary, we (1) affirm the judgment against Vectren on the voice claim; (2) reverse the jury's verdict against Vectren on the sale claim and remand that claim for further proceedings on damages only; and (3) reverse the jury's verdict against the City on the accounting claim and remand that claim for entry of judgment as a matter of law in the City's favor.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Vectren Communications Service v. City of Alameda, 11-15992/11-16003

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part.

I concur with the majority's holding that the district court erred in denying Vectren's Rule 50(b) motion on the City's waiver and notice defenses to the sale claim. However, I disagree that the Government Claims Act (Act) applies to Vectren's voice and accounting claims.

The majority holds that because the claims process in Section 9 of the contract between Vectren and the City is not as detailed or comprehensive as the contractual process in *Arntz*, and because Section 9 contemplates that the notice requirements imposed by "other law" apply to the parties, we should not hold that the Act is supplanted by the contract. I disagree with both points.

*Arntz* did not actually analyze whether the parties' contract contained a claims procedure—it simply proceeded as though that question was undisputed. Thus, *Arntz* did not specify what the bare minimum requirements are for a contractual claims process that would trigger that rule, nor did it state that the contract at issue there was the standard by which to judge. While certainly a claims process that was similar to *Arntz* would qualify, we cannot use that case to reject a contractual process simply because it is dissimilar.

While *Arntz* did not specify standards for a sufficient contractual claims

1

procedure, it did make clear that it would not adopt a rule that required a contractual claims process to be as comprehensive as the Act:

> As one treatise notes, public agencies are allowed to establish a different claims procedure by contract, and "[s]ometimes the provisions of a construction contract amount to a claims procedure that takes the place of the claims statute." What the treatise does not explain is under what circumstances it does so. The statement seems to infer a test of "relative comprehensiveness" to determine whether any given contractual claims procedure is broad enough to supplant the statutory claims requirement. But such a test would be unworkable. What appears comprehensive to one party may seem only preliminary to the other. *The parties to a public works contract, or any other public contract, should be able to determine from the contract what steps are required to complete a claims process prior to filing an action.*

166 Cal. App. 4th at 291-92 (citation omitted) (emphasis added). Clearly then, *Arntz*'s focus was not so much on the breadth and depth of a contractual claims process as it was on whether the non-government party could understand its obligations based on the contract's plain language. It follows that a contract that instructs that party to provide notice to the government prior to filing an action, whether the contractual provisions doing so are "standard" or otherwise, must clarify that the Act also applies.

The contract between Vectren and the City informed Vectren what steps were necessary prior to filing an action, including a period of notice but did not state that the Act applied. To apply the Act would therefore be contrary to *Arntz*.

2

Subsection 9.1(b) of the contract states that the City's failure to perform any part of the contract is a default if it continues for thirty days after the City receives written notice of the failure. If an event of default occurs, Section 9.2 gives Vectren the right "at its option and without further demand or notice" to "take whatever action at law or in equity may appear necessary . . . or enforce performance and observance of any obligation, agreement or covenant." In sum, Vectren must present its claim to the City and the City has 30 days to cure. If the City does not cure, Vectren has the right to sue without giving further notice.

It is true that the contract lists several other events of default in Section 9.1 and does not impose a notice requirement on Vectren for those events. However, again, the test for whether the Act applies is not whether a contractual claims procedure is comprehensive, but whether, where a contract contains *any* claims process, the government party has made clear that the Act still applies. The fact that the contractual claims process here applied only to failure by the city "to observe and perform any covenant, condition or agreement" under the contract, and not to other more specific events of default (i.e. if the City files a bankruptcy petition) does not therefore have any bearing on whether the Act applies. In fact, it is in precisely this kind of situation that the *Arntz* rule should apply. The contract makes clear that the parties intended to have a notice requirement for some

3

breaches and not for others—it does not make clear that the Act also applies.

Nor does the fact that the contract is structured so that an "event of default" only occurs once a breach has gone uncured for thirty days mean that there is no "claim," and therefore no claims process, until that occurs. The Act helps municipalities become aware of potential suits and gives them time to resolve disputes by other means. In the same way, the contract here requires that the City receive notice of breaches and affords a period of time in which to correct them. If no correction is forthcoming, Vectren is permitted to sue without further notice. To say that this process is not a "claims procedure" merely because the notice and response period is styled as a necessary prerequisite to an event of default, rather than something that kicks in after a "claim" appears, is both unduly narrow and contrary to the parties' clear intent. Why would the contract give Vectren the right to sue without further notice if, in reality, Vectren was required to give a second notice and wait longer before suing?

The majority's answer is that three words in Section 9.3 can be read to allow application of the Act, with all of its additional notice requirements, to apply. Section 9.3 of the contract states: "In order to entitle [Vectren] to exercise any remedy reserved to it in this Article IX it shall not be necessary to give any notice, other than such notice as may be required in this Article IX *or by law*." The

4

majority reasons that Act notice is "required by law," and thus the City must not have meant to waive Act notice. But reading "or by law" this way would require additional notice any time the City triggered Section 9.1(b) by breaching "any covenant, condition or agreement" under the contract. This would, in turn, render entirely superfluous the language of 9.2 allowing Vectren to sue without any other "demand or notice," a result we must avoid. *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 420 (Cal. Ct. App. 2012) ("'An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable,'" quoting 11 Williston on Contracts (4th ed.2012) § 32:5). The more sensible reading is that the "or by law" language does not include the Act because the Act is *only* a requirement by law where there is not a contractual claims procedure.

Furthermore, *Arntz* specifically precludes holding that the "notice required . . . by law" language incorporates the Act.

> It is no great burden for public entities to include, in any contract that contains a contractual claims procedure, a single sentence stating clearly that a statutory claim must also be presented prior to the filing of an action.

166 Cal. App. 4h at 292. The "or by law" language, which could just as easily be read to mean general service of process as notice under the Act, is certainly not a

5

clear statement that all of the Act claims process applies. To allow application of the Act based on such ambiguous language would be to do exactly what *Arntz* forbids.

I therefore respectfully dissent.