MEMORANDUM *
Plaintiff Vectren Communications Services, Inc. (Vectren) appeals from a judgment of the district court in favor of the City of Alameda (City) involving contract claims governed by California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.
The jury found in favor of Vectren on its claims that the City had breached the contract by failing to offer voice service (voice claim), by selling the telecommunications system (sale claim), and by using improper accounting methods (accounting claim). However, the jury further found that the sale claim was barred by Vectren’s failure to comply with a statutory one-year notice requirement, see Cal. Gov’t Code § 911.2(a), and that Vectren had waived the claim. The jury also found that Vec-tren’s failure to comply with the one-year notice requirement barred the voice claim.
1. The district court’s application of the one-year notice requirement was based on its holding that the California Government Claims Act (Act) applies to Vectren’s claims against the City. We agree with the district court that the Act applies here. Under Artz Builders v. City of Berkeley, where | contract sets out its own procedure for notifying a city of claims against it, that process governs exclusively unless the contract expressly “requires the presentation of a statutory claim [under the Act] as well.” 166 Cal. *683 App.4th 276, 82 Cal.Rptr.3d 605, 617 (2008). But the alleged contractual claims procedure here is nothing like the detailed claims procedure in Amtz, see id. at 607-OS; in fact, it is not a claims procedure at all. Rather, it is merely a 30-day cure period, triggered by written notice, built into one prong of the definition of what constitutes an “Event of Default.” Under many of the other prongs of the “Event of Default” definition, there is no notice requirement or cure period at all. It is only once there is an Event of Default — which sometimes requires notice and a cure period, and sometimes does not — that Vectren has a claim. At that point, the contract defers to background law, including the Act — providing that Vectren may “take whatever action at law or in equity” is necessary to resolve the Event of the Default — rather than setting forth a claims procedure. This reading of the contract is corroborated by the provision stating that, in order to exercise a remedy under the contract, Vectren only needs to give notice as required by the contract or by law.
Amtz specifically rejected comparing the relative comprehensiveness of claims procedures to determine whether the Act applies, but Amtz does not dictate that a contract that does not contain a claims procedure at all supplants the Act’s default procedures.
Given that the Act applies, and that Vectren’s counsel conceded at oral argument that the jury’s finding that the voice claim was defeated by the notice defense could only be overcome if we were to reverse the district court’s determination that the Act’s default procedures were applicable, we affirm the judgment against Vectren on the voice claim.
2. With regard to the sale claim, the district court erred in denying Vec-tren’s Rule 50(b) motion on the City’s waiver and notice defenses. Although the City provided evidence that Vectren knew about the City’s desire to sell and provided the City some assistance, those facts could not amount to clear and convincing evidence that Vectren knowingly intended to waive its right to prohibit a sale, see City of Ukiah v. Fones, 64 Cal.2d 104, 48 Cal.Rptr. 865, 410 P.2d 369, 370-71 (1966) (in bank), because it was undisputed that Vec-tren repeatedly notified the City that a sale without Vectren’s consent was unauthorized. Accordingly, the jury’s determination that Vectren waived its rights on the sale claim was not supported by substantial evidence, and the district court should have granted Vectren’s motion as to the waiver defense. See Omega Envtl., Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir.1997).
As to the notice defense, “whether the breach is anticipatory or not, when there are ongoing contractual obligations the plaintiff may elect to rely on the contract despite a breach,” and a claim is not deemed to have accrued until “the plaintiff has elected to treat the breach as terminating the contract.” Romano v. Rockwell Int'l Inc., 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114, 1120 (1996). Here, there were ongoing contractual obligations, and the record does not support a conclusion that Vectren treated the City’s sale without consent as a breach prior to August 29, 2006, the date by which the jury had to find the claim had accrued in order for the notice defense to be successful. Substantial evidence thus did not support the application of the notice defense to defeat the sale claim, and the district court should have granted Vectren’s motion as to that defense as well. See Omega, 127 F.3d at 1161. Because the district court should have granted Vectren’s Rule 50(b) motion with respect to both of the City’s defenses to the sale claim, we reverse the jury’s verdict on the sale claim and remand that *684 claim for further proceedings on damages only.
3. With regard to the City’s claim on cross-appeal that Vectren failed to adequately present its accounting claim prior to litigation as required by the Act, the district court erred in not deciding this claim as a matter of law in the City’s favor because Vectren failed to adequately present the claim before litigation. Under the Act, a party may adequately present a claim before litigation either by substantially complying with the requirements set out in section 910 of the Act, Cal. Gov’t Code § 910, or by making a “claim as presented.” See City of Stockton v.Super. Cl, 42 Cal.4th 730, 68 Cal.Rptr.3d 295, 171 P.3d 20, 29-30 & n. 11 (2007); Alliance Fin. v. City & Cnty. of S.F., 64 Cal. App.4th 635, 75 Cal.Rptr.2d 341, 345-46 (1998); see also Cal Gov’t Code § 945.4. Here, Vectren did not adequately present its accounting claim in either manner. Though Vectren requested accounting figures and documents and raised questions related to accounting prior to litigation, these requests were made in the context of Vectren questioning the City’s operation of the telecommunications system, not in the context of any discussion of the propriety of the accounting methods used in calculating telecommunications system financial figures. These requests did not “give[] adequate information” such that a “reasonable investigation of [the] claim” would encompass the accounting claim raised by Vectren during the litigation. Stockett v. Ass’n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 20 Cal.Rptr.3d 176, 99 P.3d 500, 505 (2004). Because we hold that the accounting claim was not adequately presented and should have been rejected as a matter of law, we need not address the City’s argument regarding the applicability of GAAP to “Net Series 2002A Revenues.”
In summary, we (1) affirm the judgment against Vectren on the voice claim; (2) reverse the jury’s verdict against Vectren on the sale claim and remand that claim for further proceedings on damages only; and (3) reverse the jury’s verdict against the City on the accounting claim and remand that claim for entry of judgment as a matter of law in the City’s favor.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.