**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DORROH; et al., | No. 13-15316 |
| Plaintiffs - Appellants, | D.C. No. 1:11-cv-02120-AWI-GSA |
| v. | |
| DEERBROOK INSURANCE COMPANY, a wholly-owned subsidiary of Allstate Insurance Company, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted April 16, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and RESTANI,** Judge.

Cedar Sol Warren and Robert and Barbara Dorroh appeal the district court's

denial of their joint motion to join Warren into the action asserting a bad faith

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

claim against insurer Deerbrook. We have jurisdiction under 28 U.S.C. § 1291 based on the collateral order exception recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949). Because we conclude that the district court erred when it determined that Warren had no interest left in the bad faith claim, we vacate and remand.

As a matter of law in California, purely personal claims are not assignable. *Murphy v. Allstate Ins. Co.*, 553 P.2d 584, 587 (Cal. 1976). Although the bad faith claim was scheduled and initially part of the bankruptcy estate, the Bankruptcy Code "does not *authorize* the bankruptcy trustee to sell or assign assets that are *nonassignable under applicable state law*." *Baum v. Duckor, Spradling & Metzger*, 72 Cal. App. 4th 54, 71 (1999) (emphasis added). Therefore, when the bankruptcy trustee assigned Warren's bad faith claim to the Dorrohs, the trustee could only transfer the economic property causes of action. *See Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 468 (2007) (finding the assignment was only valid as to those rights that were properly assignable and that assignor retained his rights to "his non-assignable 'purely personal' tort claims for emotional distress and punitive damages"). The language of the assignment and the intent of the trustee do not control, because wrongs of a purely personal nature (emotional distress, punitive damages) cannot be assigned. *See Essex Ins. Co. v.*

2

*Five Star Dye House, Inc*., 137 P.3d 192, 195-96 (Cal. 2006).  Thus, under

California law, Warren's bankruptcy estate retained an interest in the bad faith

claim.  *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-94 (9th Cir. 2004)

(holding that a federal court exercising diversity jurisdiction must apply

substantive state law to determine whether the individual is the real party in

interest).

Warren did not waive his interest in the bad faith claim.  Waiver is the

"intentional relinquishment of a known right after knowledge of the facts" and

waiver "always rests upon intent"  *City of Ukiah v. Fones*, 410 P.2d 369, 370 (Cal.

1966).  Deerbrook did not satisfy its burden of proving waiver "by clear and

convincing evidence that [would] not leave the matter to speculation."  *Id*. at 371.

Additionally, Warren did not have a duty to object to the assignment.  *See In re An-

Tze Cheng*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004) (noting that "[o]rdinarily, the

trustee or some party in interest, other than the debtor, prosecutes claim

objections").  Indeed "where a [debtor] lists a hybrid cause of action for wrongful

failure to settle" the trustee may only assign the assignable claims and the "[debtor]

need *not expressly reserve* such causes of action to himself."  *Purdy v. Pac. Auto.

Ins. Co.*, 157 Cal. App. 3d 59, 80-81 (1984) (emphasis added).  The purely

personal causes of action in the bad faith claim were automatically abandoned to

3

Warren when the bankruptcy estate closed. Bankruptcy Code § 554(c) "deems abandoned to the debtor any scheduled property of the estate that is unadministered at the close of the case." 11 U.S.C. § 554(c); *In re Adair*, 253 B.R. 85, 88 (B.A.P. 9th Cir. 2000). In this case, the bad faith claim was properly scheduled, deemed to have no merit by the trustee, and because of California law, the pecuniary causes of action were subsequently sold/assigned to the Dorrohs. Thus, upon the closing of his bankruptcy case, Warren's rights in the properly scheduled, but unassignable, purely personal causes of action were restored as though no bankruptcy petition was ever filed. *See In re Menk*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999).

California's rule against splitting a cause of action prohibits Warren from bringing an independent cause of action against Deerbrook (for his purely personal damages). *See Purcell v. Colonial Ins. Co.*, 20 Cal. App. 3d 807, 810-14 (1971). Thus, when Warren and the Dorrohs filed their motion to add Warren, they were following controlling case law requiring the assignor and assignee to join together as plaintiffs in one lawsuit to assert a claim for damages. *See Essex*, 137 P.3d at 195-97 (recognizing that bad faith causes of action may be brought by an insured who has joined together with the assignee in order to protect both the interests of the assignee of the bad faith claim, as well as the insured party who retained rights to the nonassignable claims). Fed. R. Civ. P. 17(a)(3) provides that a "court may

4

not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." If a claimant without standing can obtain ratification from the real party in interest, such ratification shall have the same effect as if the action had been commenced in the name of the real party in interest. Fed. R. Civ. P. 17(a); *Dunmore v. United States*, 358 F.3d 1107, 1112-13 (9th Cir. 2004). Warren's substitution into the action asserting the bad faith claim under Fed. R. Civ. P. 25 is not time barred as it was ratified by the Dorrohs. *See Dunmore*, 358 F.3d at 1112-13*; Hilbrands v. Far E. Trading Co*., 509 F.2d 1321, 1323 (9th Cir. 1975) (finding that to protect the interests of the insured, the insured should have been able to proceed as a substituted party under Rule 25 to prosecute the action in her own name). "[L]eave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 951 (9th Cir. 2006) (internal quotation marks omitted).[1]

---

[1] Deerbrook requests we take judicial notice of several requested documents. *See* Dkt. No. 15. Although the documents are of the sort such that we may take judicial notice, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), we decline.

**VACATED** and **REMANDED** for further proceedings consistent with this disposition.  Costs on appeal shall be awarded to Appellants.