Filed 11/19/15  Calande v. Surf and Sand CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EUGENIA CALANDE et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> SURF AND SAND, LLC et al., <br><br> Defendants and Appellants. | H038679 <br> (Santa Cruz County <br> Super. Ct. No. CV172147) |

Defendants Surf and Sand, LLC, and Ronald Reed who own and operate a mobile home park in the City of Capitola (City), appeal the trial court's denial of their motion requesting attorney's fees from plaintiffs Eugenia Calande, William Newman, Robert Perkinson, Sandra Williams, Cassandra Williams, Roscoe Smith, Eleanor Skrondal, Carolyn Hightower, Heidi Hoffacker, Mary Loubier-Ricca, Cynthia Loubier-Ricca, Leslie Cone, and Shirley Hill (collectively, the Newman plaintiffs), who own mobile homes in the park and rent lots from defendants.  Defendants argue on appeal that the trial court erred in denying them fees under Civil Code section 1942.5, subdivision (g)[1] (retaliatory eviction) as well as section 798.85, the attorney's fees provision of the Mobilehome Residency Law (§ 798 et seq.; MRL).  For the reasons stated here, we will reverse the trial court's decision, find that defendants are entitled to attorney's fees and costs, and remand for further proceedings consistent with this opinion.

---

[1] Unspecified statutory references are to the Civil Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2011, the City settled a lawsuit filed by defendants challenging the City's rent control ordinance. According to the Newman plaintiffs, the settlement entitled them to rental prices set at a "fair market rent." Defendants mailed lease offers to the Newman plaintiffs in May 2011. The Newman plaintiffs "conditionally accepted" the offers in June 2011 and requested a meeting with defendants pursuant to section 798.53 of the MRL to discuss allegedly illegal lease terms. The Newman plaintiffs then filed suit against defendants in Santa Cruz County Superior Court (Newman I). The parties settled Newman I in October 2011. The settlement agreement contained a release of all liabilities related to or arising out of the Newman I complaint and subjected all future disputes arising out of the agreement to arbitration.

Meanwhile, in September 2011, another group of tenants from defendants' mobile home park (the McClelland plaintiffs) filed their own complaint in Santa Cruz County Superior Court (Newman II), alleging violations of local and state law. Eugenia Calande, one of the Newman plaintiffs, was part of this September complaint, which included claims arising out of the MRL. Though no specific cause of action in the September complaint requested attorney's fees, the prayer for relief requested reasonable attorney's fees and costs.

In December 2011, the McClelland plaintiffs filed a first amended complaint (Complaint) in Newman II, which the Newman plaintiffs joined in part despite having previously entered into a settlement agreement with defendants in Newman I. The first and sixth causes of action in the Complaint were only alleged by the McClelland plaintiffs. The sixth cause of action alleged that defendants violated section 798.18 of the MRL by refusing to offer rental agreements for a term of at least 12 months. At the end of that cause of action, the Complaint explicitly requests attorney's fees and costs for the alleged MRL violation.

2

The Complaint also contained causes of action alleged only by the Newman plaintiffs that are relevant on appeal. The fourth and fifth causes of action allege that defendants engaged in retaliatory eviction in violation of section 1942.5. The Newman plaintiffs alleged that the retaliatory eviction occurred when defendants sent notices of rent increases to the Newman plaintiffs in response to those plaintiffs' attempts to obtain the City's assistance to address allegedly unlawful terms of defendants' lease offers. Importantly, the Complaint alleges these offers were illegal because, among other things, they included terms that violated the MRL.

The Complaint's seventh cause of action, alleged by all plaintiffs, claims defendants violated the implied covenant of good faith and fair dealing inherent in their tenancy agreements with plaintiffs. The eighth cause of action, alleged by most[2] of the Newman plaintiffs, asked the court for a declaration of the " 'fair market rent' " for the rental properties and sought an injunction preventing defendants from making "exorbitant rent demands ... ." Finally, the Complaint's general prayer for relief requests reasonable attorney's fees and costs.

Defendants demurred to the Complaint, claiming the Newman plaintiffs[3] failed to state facts sufficient to constitute a cause of action because the settlement agreement in Newman I foreclosed the filing of the Complaint. (Code Civ. Proc., § 430.10, subd. (e).) Defendants concurrently filed a petition to compel arbitration of any issues related to the subject matter of the settlement agreement, citing the arbitration clause of the settlement agreement that ended Newman I.

The Newman plaintiffs opposed the demurrer and also sought leave to file a second amended complaint (Proposed Complaint), which would have added a new

---

[2] The eighth cause of action omits Newman plaintiffs Robert Perkinson, Sandra Williams, Cassandra Williams, Mary Loubier-Ricca, and Cynthia Loubier-Ricca.

[3] Defendants' demurrer, as well as the trial court's orders sustaining the demurrer and compelling arbitration, all omit Newman plaintiff Shirley Hill.

3

nuisance and "failure to maintain" cause of action based on section 798.87 of the MRL. Defendants opposed leave to amend, relying on the Newman I settlement agreement. In April 2012, the trial court sustained the demurrer without leave to amend finding the Newman plaintiffs "have entered into a valid Settlement Agreement releasing all of their claims, including the claims raised in the [Complaint] and the [Proposed Complaint]." The court also granted the petition to compel arbitration, stating that "[a]ny disputes regarding the terms of the Settlement Agreement, or any other matters that fall within the scope of the Arbitration Agreement, are subject to binding arbitration ... ."

In April 2012, defendants moved for attorney's fees and costs from the Newman plaintiffs. The McClelland plaintiffs later settled their claims with defendants, which was memorialized in a notice of settlement filed in May 2012. Upon the filing of the notice of settlement, all future court dates were taken off calendar, including a hearing on defendants' initial request for attorney's fees and costs. Defendants then renewed their motion requesting attorney's fees and costs from the Newman plaintiffs, claiming section 1942.5, subdivision (g) and the attorney's fees provision of the MRL (§ 798.85) entitled defendants to fees. This request also included fees related to the September 2011 complaint and the Proposed Complaint. The Newman plaintiffs opposed the request, arguing that they did not allege any causes of action arising out of the MRL and that defendants waived entitlement to fees by entering into a settlement agreement with the McClelland plaintiffs.

In June 2012, the court denied the fee motion. Regarding defendants' entitlement to fees under the MRL, the court ruled that the only cause of action "brought directly under the [MRL]" was the sixth cause of action, which was not joined by the Newman plaintiffs. Regarding the eighth cause of action, the court found it did not arise out of the MRL because it was "an equitable cause of action which does not allege any direct violation" of the MRL. As for defendants' claim that they were entitled to attorney's fees for the Proposed Complaint, the court disagreed because the Proposed Complaint "was

4

never allowed to be filed" and defendants, therefore, never obtained a judgment or a dismissal for the proposed pleading's MRL claims.

As to attorney's fees under section 1942.5, subdivision (g), which provides for fees to the prevailing party in a retaliatory eviction action "if either party requests attorney's fees upon the initiation of the action," the trial court determined that defendants were not entitled to fees because it was unclear "whether the [Complaint] requested attorney fees for their retaliatory eviction claim or whether the prayer for fees was based on the sixth cause of action [MRL violation] to which [the Newman plaintiffs] were not a party." In light of this ambiguity, the court denied the request for fees under section 1942.5, subdivision (g).

## II. DISCUSSION

We will address the parties' contentions in the following order: (1) the Newman plaintiffs' argument that defendants waived any claim for fees against Newman plaintiff Shirley Hill; (2) the Newman plaintiffs' argument that defendants waived entitlement to attorney's fees as to all Newman plaintiffs; (3) defendants' entitlement to attorney's fees pursuant to section 1942.5, subdivision (g); and (4) defendants' entitlement to attorney's fees and costs pursuant to section 798.85 of the MRL.

### A. WAIVER OF FEES AS TO NEWMAN PLAINTIFF SHIRLEY HILL

Defendants named Shirley Hill in their fee motion as one of the Newman plaintiffs from whom they sought fees. The Newman plaintiffs note on appeal that defendants omitted Hill from the demurrer to the Complaint. Additionally, the orders sustaining defendants' demurrer and granting defendants' petition to compel arbitration -- both drafted by counsel for defendants -- omitted Hill. The Newman plaintiffs argue these omissions prevent defendants from recovering fees against Hill.

Defendants do not respond to the Newman plaintiffs' contention, which we treat as a concession of the issue. (*DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 566; *Westside Center Associates v. Safeway Stores 23, Inc.*

5

(1996) 42 Cal.App.4th 507, 529.)  Therefore, in any further proceedings in this matter, defendants are not entitled to recover any attorney's fees or costs from Newman plaintiff Shirley Hill.

## B.    WAIVER OF FEES AS TO ALL NEWMAN PLAINTIFFS

The Newman plaintiffs argue that defendants' voluntary actions related to the settlement agreement with the McClelland plaintiffs waived entitlement to fees as to all the Newman plaintiffs.  The Newman plaintiffs rely on defendants' request to remove all pending hearing dates from the trial court calendar after their settlement with the McClelland plaintiffs, which included the hearing on their initial motion for attorney's fees.  According to the Newman plaintiffs, defendants' actions following their settlement with the McClelland plaintiffs constitute " 'conduct indicating an intent to relinquish' " their entitlement to attorney's fees.  (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31 (*Waller*).)  Defendants respond that the Newman plaintiffs were neither parties to nor beneficiaries of defendants' settlement agreement with the McClelland plaintiffs and that the request to vacate pending dates from the trial court calendar was merely "a routine request to clear the trial and related motions in advance of trial from the docket."

" ' "[W]aiver is the intentional relinquishment of a known right after knowledge of the facts." ' " (*Waller, supra,* 11 Cal.4th at p. 31.)  A party claiming waiver must "prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver' [Citations.]."  (*Ukiah v. Fones* (1966) 64 Cal.2d 104, 107–108; accord *Waller, supra,* at p. 31.)  The Newman plaintiffs fail to show an intentional relinquishment of entitlement to fees by clear and convincing evidence.  Indeed, a declaration by trial counsel for all plaintiffs indicated his understanding that the settlement agreement with the McClelland plaintiffs extinguished all outstanding claims, including those for attorney's fees, "concerning the *McClelland plaintiffs*."  (Italics added.)  This declaration supports our conclusion that the settlement

6

agreement with the McClelland plaintiffs and counsel's request to vacate future court dates were solely concerned with the McClelland plaintiffs and did not waive any remaining rights defendants had vis-à-vis the Newman plaintiffs.

## C.  ENTITLEMENT TO FEES AS TO RETALIATORY EVICTION CLAIMS (§ 1942.5)

Defendants contend that they are entitled to attorney's fees as prevailing parties on the fourth and fifth causes of action of the Complaint, which alleged retaliatory evictions in violation of section 1942.5.  The fee provision of section 1942.5 states: "In any action brought for damages for retaliatory eviction, the court shall award reasonable attorney's fees to the prevailing party if either party requests attorney's fees upon the initiation of the action."  (§ 1942.5, subd. (g).)  The trial court determined that defendants were not entitled to fees because the only cause of action that specifically requested attorney's fees was the McClelland plaintiffs' sixth cause of action, which requested attorney's fees pursuant to the MRL.  The trial court found ambiguous the general request for reasonable attorney's fees and costs contained in the prayer for relief at the end of the Complaint and determined that it did not constitute a request for attorney's fees for the retaliatory eviction causes of action.

Though we generally review orders granting or denying attorney's fees for an abuse of discretion, whether a party meets the statutory requirements for entitlement to fees is a question of law we review de novo.  (*MHC Financing Limited Partnership Two v. City of Santee* (2005) 125 Cal.App.4th 1372, 1397 (*MHC Financing*); *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.)  When interpreting statutory language, we give "the words their usual, ordinary meaning."  (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.)

Because it is undisputed that the Complaint was an "action brought for damages for retaliatory eviction," the only question is whether the Newman plaintiffs "request[ed] attorney's fees upon the initiation of the action" by including a general prayer for fees.  (§ 1942.5, subd. (g).)  The statute does not mandate that the request for attorney's fees be

7

made in any specific form or location. Instead, the plain language suggests that a prevailing party will be entitled to fees so long as a request for fees of some kind is made by either party at the initiation of the action.

Applying this interpretation, we conclude that the Newman plaintiffs triggered the fee provision by including a general prayer for attorney's fees. The initial complaint included a general request for attorney's fees in its prayer for relief even though it alleged neither retaliatory eviction nor MRL causes of action. The Complaint retained that same general prayer for attorney's fees. Nothing on the face of the Complaint indicates an intention to narrow that general request for attorney's fees to only the MRL cause of action. Moreover, the Newman plaintiffs' failure to argue this theory below suggests that they did not consciously decide against requesting attorney's fees for the retaliatory eviction causes of action.

Our conclusion that, absent an indication to the contrary in a pleading, a general prayer for attorney's fees will trigger section 1942.5, subdivision (g), is consistent with California's liberal pleading requirements for attorney's fees requests. For example, where entitled to fees by law, a party can recover attorney's fees on grounds different than those pleaded in the complaint so long as the complaint contains a request for fees. (*Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 228 [affirming award of attorney's fees pursuant to state law where complaint requested fees pursuant to federal law].) A party can even recover attorney's fees based on a statute enacted after a complaint is filed. (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 929–932 [applying Code Civ. Proc., § 1021.5 to case where legislation adding that section did not become law until case was pending on appeal].) Although section 1942.5, subdivision (g), unlike Code of Civil Procedure section 1021.5, requires a request at the initiation of the action, nothing in the subdivision suggests an intention to otherwise depart from California's liberal pleading standard for attorney's fees.

8

Finally, the Newman plaintiffs' claim that this result "would turn this tenant's shield into a landlord's sword" is without merit. Section 1942.5, subdivision (g) allows *either* party to request fees at the beginning of an action. Thus, a prevailing defendant is entitled to fees if he or she requests them at the beginning of an action, regardless of any pleading by a plaintiff.

Because the Newman plaintiffs requested attorney's fees in the prayer to their Complaint without indicating that their request was limited to only certain causes of action, defendants are entitled to attorney's fees as the prevailing party under section 1942.5, subdivision (g).

## D.     ENTITLEMENT TO FEES AND COSTS UNDER THE MRL (§ 798.85)

Defendants assert that the trial court erred in denying them fees pursuant to section 798.85 of the MRL, which provides, in relevant part: "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorney's fees and costs. A party shall be deemed a prevailing party for the purposes of this section if the judgment is rendered in his or her favor or where the litigation is dismissed in his or her favor prior to or during the trial … ." (§ 798.85.) We review defendants' statutory entitlement to fees de novo. (*MHC Financing, supra,* 125 Cal.App.4th at p. 1397.) Defendants claim they are entitled to fees based on the initial September 2011 complaint, the Complaint, and the Proposed Complaint.

### 1.  Initial Complaint

Eugenia Calande was the only Newman plaintiff who signed the September 2011 complaint, which indisputably included causes of action arising out of the MRL, including the third cause of action, which alleged a failure to provide a rental agreement for a term of more than 12 months, in violation of section 798.18 of MRL. In the Complaint, however, Calande was no longer a named plaintiff regarding the 12-month term cause of action, which was re-alleged as the sixth cause of action in the Complaint.

9

The filing of an amended complaint supersedes all prior complaints and a reviewing court will look only to the amended pleading. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.) While this general rule cannot be used to suppress previously pleaded allegations that would preclude recovery on a cause of action, defendants do not claim that Calande's inclusion in the initial complaint would have had such an effect. (*Buchanan v. Maxfield Enterprises, Inc.* (2005) 130 Cal.App.4th 418, 425.) Thus, the initial complaint cannot be used as a basis for an award of attorney's fees.

Defendants argue that the removal of Calande from certain causes of action in the Complaint amounted to a voluntary dismissal in defendants' favor, thus making them prevailing parties for purposes of section 798.85. However, section 798.85 states that a party prevails "where the *litigation* is dismissed in his or her favor." (Italics added.) The use of the word "litigation" suggests that a partial dismissal, such as Calande's decision to remove herself from certain causes of action, does not make a defendant a prevailing party for purposes of section 798.85. (See *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 151 [suggesting Code Civ. Proc., § 1717(b)(2), which discusses contractual entitlement to attorney's fees for voluntary dismissal of "an action," precludes a fee award when a plaintiff only voluntarily dismisses part of a case].) As Calande did not leave the case completely, her partial dismissal does not entitle defendants to attorney's fees based on the initial complaint. (Cf. *Spreckels v. Spreckels* (1916) 172 Cal. 789, 790; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 609.)

### 2. Complaint

Defendants point to three causes of action alleged by the Newman plaintiffs in the Complaint as constituting claims "arising out of" the MRL, entitling them to attorney's fees and costs: the fifth, seventh, and eight causes of action. We will address each in turn after discussing the scope of section 798.85.

10

In *MHC Financing,* the appellate court compared various statutes containing the language "arising out of" and "relating to" and decided that the term "arising out of" in section 798.85 is to be applied narrowly. (*MHC Financing, supra,* 125 Cal.App.4th at p. 1398.) The court then reasoned that section 798.85 of the MRL "encompasses only those actions directly involving the application of MRL provisions in specific factual contexts addressed by the MRL, such as actions by mobile home park residents against management for failing to maintain physical improvements in common facilities in good worker order." (*Ibid.*; see also *SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.* (2007) 148 Cal.App.4th 663, 675–676 (*SC Manufactured Homes*) [adopting and applying *MHC Financing* definition to find that action by mobile home dealer against park owners and other dealers related to, but did not arise out of, the MRL].) Thus, to obtain attorney's fees and costs under section 798.85, a party must show that the action both arises in a context addressed by the MRL and involves the application of MRL provisions.

### a. Fifth cause of action

In the fifth cause of action, the Newman plaintiffs allege defendants sent proposed lease agreements to the Newman plaintiffs that violated provisions of the MRL as well as other laws. Counsel retained by the Newman plaintiffs formally requested a meeting with defendants pursuant to section 798.53 of the MRL and also met with City Council members "to gain assistance from the City in addressing the oppressive and unlawful terms in the lease offerings." The Newman plaintiffs attempted to conditionally accept the leases, which defendants treated as a rejection. Defendants then sent the Newman plaintiffs notices of rent increases in violation of section 798.17 of the MRL. These rent increases were allegedly in retaliation for the Newman plaintiffs' attempts to exercise their state law and constitutional rights and constituted retaliatory evictions in violation of section 1942.5.

11

Though this cause of action repeatedly *references* the MRL, to determine whether it *arises out of* that statute we must look to what the Newman plaintiffs would have had to prove to show a violation of section 1942.5. Section 1942.5 prohibits landowners from, among other things, increasing rent in retaliation for a tenant's lawful or peaceable exercise of "any rights under the law." (§ 1942.5, subd. (c).) In the fifth cause of action, the Newman plaintiffs state that they met with City officials for help in addressing unlawful terms in their lease offers and the only specific law they claim the lease offers violated was the MRL. In essence, the fifth cause of action alleges that defendants increased the Newman plaintiffs' rents in retaliation for the Newman plaintiffs' attempt to exercise their rights under the MRL. Because these alleged MRL violations formed the basis for the fifth cause of action, it meets the requirements of section 798.85 and entitles the prevailing defendants to attorney's fees and costs.

The two published cases denying attorney's fees under the MRL are readily distinguishable as they involved parties in different relationships. (*MHC Financing, supra,* 125 Cal.App.4th at pp. 1377, 1398–1399 [denying fees under the MRL to mobile home park owner who brought action against *city* asserting that MRL preempted city ordinance]; *SC Manufactured Homes, supra,* 148 Cal.App.4th at pp. 666, 680 [denying fees to prevailing mobile home park owner defendants in action brought by mobile home *dealer* alleging a kickback scheme].)

### b. Seventh cause of action

The seventh cause of action alleges a breach of the implied covenant of good faith and fair dealing based on defendants' existing rental agreements with the Newman plaintiffs. Specifically, the cause of action states that defendants, "in acting or failing to act as alleged above, breached the implied covenant of good faith and fair dealing." Defendants argue that by relating back to previous causes of action that arose under the MRL, the seventh cause of action also arises under the MRL and triggers the fee provision of section 798.85.

12

" ' "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." ' " (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 371–372.) The seventh cause of action involves acts or omissions by defendants that allegedly violated an implied covenant in their rental agreements with the Newman plaintiffs. It is irrelevant for purposes of this cause of action whether these acts or omissions also violated the MRL. It is questionable whether this cause of action even *relates* to the MRL, much less *arises out of* it. Thus, the seventh cause of action does not entitle defendants to fees under the MRL.

### c. Eighth cause of action

The eighth cause of action, alleged by most of the Newman plaintiffs, seeks declaratory and injunctive relief. The actual relief requested in this cause of action is difficult to determine because it contains allegations by the McClelland plaintiffs as well as separate allegations by the Newman plaintiffs. The cause of action begins by citing sections 798.55 and 798.56 of the MRL regarding the special protection afforded to owners of mobile homes in California due to the high cost of relocating a mobile home. Paragraph 91 of the Complaint alleges that when defendants set rental rates at excessively high levels, they constructively evicted the McClelland plaintiffs. The cause of action continues that rent increases will effect a constructive eviction of "residents" and that defendants are attempting to illegally convert the property to a different land use. Paragraph 95, which presumably was meant to apply to the McClelland plaintiffs because the cause of action had yet to reference the Newman plaintiffs, asks the trial court to order defendants to comply with defendants' settlement agreement with the City by setting a " 'fair market rent' " for the mobile home lots. Paragraph 96 references the Newman plaintiffs and seeks a declaration that the " 'fair market rent' " for the Newman plaintiffs is as stated in an appraiser's report prepared by the City. The cause of action

13

also seeks to enjoin defendants from increasing the plaintiffs' rents, without differentiating between the two sets of plaintiffs.

Defendants' seize on the citations to the MRL in the eighth cause of action to argue that it arises out of the MRL. But the eighth cause of action essentially asks the court to interpret and apply a term of defendants' settlement agreement with the City. It does not involve the direct application of MRL provisions, nor can it be said to arise out of the MRL.[4]

### 3. Proposed Complaint

Defendants contend that the trial court erred in denying them attorney's fees for opposing the Newman plaintiffs' request for leave to file a Proposed Complaint. The decision whether to allow the Proposed Complaint, as a second amendment to the complaint, was left to the sound discretion of the trial court. (Code Civ. Proc., §§ 473, subd. (a)(1), 576; *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 544.) The trial court denied the request to amend, determining that the arbitration provision in the settlement agreement between defendants and the Newman plaintiffs from Newman I precluded the claims of the Proposed Complaint. When defendants later requested fees for opposing the Proposed Complaint, the court denied the request, reasoning that because the Newman plaintiffs were not permitted to file the Proposed Complaint, defendants never obtained a judgment or a dismissal of the unfiled claims in that pleading.

We find no error in the trial court's decision. The court denied plaintiffs' request to file the Proposed Complaint, meaning that the pleading never became operative. Though defendants incurred legal fees associated with opposing the request for leave to

---

[4] Because we find that neither the seventh nor eighth cause of action arose out of the MRL, we need not determine whether they were foreclosed by the settlement agreement, as defendants argue, or merely referred to arbitration, as the Newman plaintiffs contend.

amend, they did not prevail for purposes of section 798.85 because the document was never filed. Defendants' argument that it would be entitled to attorney's fees if it had stipulated to allow plaintiffs to file the Proposed Complaint is unpersuasive. It is the trial court, not defendants, who had the authority to determine whether to grant leave to amend the complaint. (Code Civ. Proc., §§ 473, subd. (a)(1), 576.) Therefore the Proposed Complaint did not provide a statutory basis for attorney's fees.

## III.      DISPOSITION

The judgment is reversed. Defendants are entitled to attorney's fees pursuant to section 1942.5, subdivision (g) because attorney's fees were requested in the Complaint. Defendants are also entitled to attorney's fees and costs under section 798.85 of the MRL based on the fifth cause of action of the Complaint. Defendants may not recover any attorney's fees or costs from Shirley Hill.

We leave it to the trial court to determine the reasonableness of defendants' attorney's fees request, including the effect, if any, of the Newman plaintiffs' financial condition on the reasonableness of defendants' request (*Garcia v. Santana* (2009) 174 Cal.App.4th 464, 470, 475–477 [consideration of losing plaintiff's financial condition during reasonableness analysis was not an abuse of discretion]; but see *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 373). We also leave to the trial court's discretion whether defendants should be awarded fees for the causes of action that did not arise out of the MRL or section 1942.5, subdivision (d) (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133 [prevailing party should generally recover fees only for causes of action where fees are permitted by law but court may award fees for non-statutory causes of action if "issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not"]; accord *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1603–1604).

Each party shall bear its own costs on appeal.

15

_____
Grover, J.

**WE CONCUR:**


_____
Rushing, P.J.


_____
Márquez, J.


*Calande et al v Surf and Sand, LLC et al.*
**H038679**